UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
UNITED STATES OF AMERICA,       )   No. CR04-0243JLR
                                )
                 Plaintiff,     )
          v.                    )   ORDER
                                )
DEVIN JENNINGS,                 )
                                )
                 Defendant.     )
_____)

        This matter comes before the Court under Local General Rule 8(c). Defendant has filed a "Motion for Recusal" (Dkt. # 86) and a memorandum in support thereof (Dkt. # 87) seeking the recusal of the Honorable James L. Robart, United States District Judge, from the above-captioned matter. Judge Robart declined to recuse himself voluntarily (Dkt. # 88). Defendant's motion is therefore ripe for review by this Court.

        Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

  Defendant argues that his prior counsel made statements and allegations that portrayed defendant in a very unfavorable light and that such disclosures will undoubtedly have an adverse effect on Judge Robart's impression of defendant. Defendant reaches the conclusion that counsel's accusations will give rise to judicial bias and/or place Judge Robart's impartiality in question. Such a conclusion is unwarranted and unsupported. First, it is almost always the case that criminal defendants appearing in federal court are accused of far more serious offenses than a falsehood or a breach of BOP rules. The fact that allegations of wrongdoing are made against a criminal defendant cannot possibly justify recusal: otherwise no judge with access to the indictment and the remainder of the record could hear a matter. Second, federal judges often hear and suppress confessions and evidence related to the underlying crimes. Such pre-trial proceedings are commonplace and judges are well-equipped to set aside inadmissible evidence as the case proceeds to trial. Third, a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that

the judge received in the context of the performance of his duties as the presiding judicial officer. Defendant's assumption that Judge Robart's impartiality has been impaired is unreasonable and he has not met his burden of showing an appearance of bias.

Having reviewed defendant's motion and the remainder of the record, the Court finds that Judge Robart's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, defendant's request to remove Judge Robart from this matter is DENIED.

DATED this 5th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                    -3-