JUDGE ROBART

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>plaintiff,<br><br>v.<br><br>DEVIN JENNINGS,<br><br>defendant | No. CR04-243JLR<br><br>STIPULATION, MOTION AND<br>ORDER CONTINUING<br>TRIAL DATE |

Comes now the defendant, Devin Jennings, by and through his attorney, Michael G. Martin, and the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Andy Colasurdo, Assistant United States Attorney, and submit this stipulation, motion and order to continue the trial date in this matter. The parties respectfully submit (1) that this continuance outweighs the best interests of the public and the defendant in a speedy trial; (2) that the ends of justice are best served by granting the requested continuance and (3) that the continuance is necessary to avoid both a miscarriage of justice and the unnecessary expenditure of judicial resources.

The parties request that the trial date be continued from August 17, 2005 to November 8, 2005 or as soon thereafter as is convenient for the Court, and that the period of delay be excluded in

STIPULATION, MOTION AND
ORDER RE TRIAL DATE (Jennings)
CR04-243JLR  -  1

computing the time within which the trial must commence. This continuance is requested for the following reasons.

Through previous defense counsel, the defendant filed a motion with the Court seeking a ruling that two of his prior convictions do not qualify as predicate felonies under the Armed Career Criminal Act (ACCA). The Court denied the motion, ruling that the challenged prior convictions do qualify as ACCA predicates. Currently pending on appeal before the United States Court of Appeals for the Ninth Circuit are three cases[1] in which the court is considering whether Washington State convictions for Theft and for Eluding a Pursuing Police Officer are predicate felonies for ACCA purposes. These convictions are identical to two of the predicate felonies this Court found qualifies the defendant for sentencing as an Armed Career Criminal. If the Ninth Circuit finds that a conviction under either of these statutes are not a predicate felony for ACCA purposes, then this Court's ruling on the defendant's prior convictions is subject to reconsideration. The parties agree that the opinions of the Ninth Circuit are important to the resolution of this matter. If the defendant is subject to sentencing under the ACCA, the potential penalty he faces is a mandatory minimum sentence of 15 years and a maximum sentence of life. If he is not subject to the ACCA, then the defendant faces no mandatory minimum and a likely Sentencing Guideline range much less than the mandatory minimum under the ACCA. The defendant wishes to resolve this matter short of trial, yet without a ruling by the Ninth Circuit, defense counsel cannot provide effective assistance to the defendant and advise him as to the advantages and disadvantages of his options and to any terms of an agreement to resolve this matter.

---

[1] United States v. Ogle, CA # 04-30328; United States v. Fisher, CA # 04-30100; and United States v. Kelly, CA # 04-30074.

STIPULATION, MOTION AND
ORDER RE TRIAL DATE (Jennings)
CR04-243JLR  -  2

The Court held a status conference with counsel for both parties on August 5, 2005. After the conference, defense counsel met with the defendant to discuss the defendant's options. The defendant indicated his desire to waive his speedy trial rights and to request a continuance of the trial date to allow sufficient time for the appellate court to issue its opinions in the cases currently pending before it that will resolve issues that are critical to resolution of this matter. The defendant does not object to a continuance of the trial date or to the exclusion of time between the current trial date and the new trial date for the purpose of calculation of the time within which the trial must commence. The defendant has agreed to execute a speedy trial waiver in support of this requested continuance.

Respectfully submitted this _____ day of August, 2005.

| /s/ | /s/ |
|---|---|
| Michael G. Martin  WSBA #11508 | Andy Colasurdo |
| Attorney for Defendant | Assistant United States Attorney |
| Siderius Lonergan & Martin LLP | |
| 500 Union Street, Suite 847 | |
| Seattle, WA  98101 | |
| (206) 624-2800 | |
| Fax (206) 624-2805 | |
| Email: michaelm@sidlon.com | |

ORDER

This matter comes before the Court on a stipulated motion by the parties to continue the trial date, and the Court having considered the entirety of the record and filed herein, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would likely result in the ineffective assistance of counsel. The Court further finds that the interests of the public and the defendant in a speedy trial in this case are outweighed by the ends of justice. Now, therefore,

IT IS HERBY ORDERED that the trial date be continued from August 17, 2005 to November 8, 2005, and that the time between the date of this Order and the new trial date be excludable time under the Speedy Trial Act pursuant to Title 18, USC Sections 3161(h)(8)(A), 3161(h)(8)(B)(i) and 3161(h)(8)(B)(ii).

Done this 8th day of August, 2005.

_____
JAMES L. ROBART
United States District Judge

STIPULATION, MOTION AND
ORDER RE TRIAL DATE (Jennings)
CR04-243JLR - 4